# United States District Court
## for the
### Eastern District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> Yihang Yuan <br><br> _____ <br> *Defendant(s)* | Case: 2:20-mj-30028 <br> Assigned To : Unassigned <br> Assign. Date : 1/22/2020 <br> Description: CMP USA v. YUAN (SO) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of <u>January 17, 2020</u> in the county of <u>Wayne</u>, in the <u>Eastern</u> District of <u>Michigan,</u> the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1001(a)(2) & (3) | False Statements |
| 18 USC 1546(a) | Fraud and Misuse or Visas, Permits, and Related Documents |

This criminal complaint if based on these facts:

The defendant knowingly made false statements to a federal officer and presented a counterfeit I-20 in order to facilitate his entry to the United States in violation of Title 18 United States Code, Section 1001(a)(2) & (3) and Title 18 United States Code, Section 1546(a).

Please refer to attached sworn affidavit.

*Continued on the attached sheet*  Yes ☐ No ☐

*Complainant's Signature*

<u>Patrick Mengel, CBP Enforcement Officer</u>
*Printed name and title*

Sworn to before me and signed in my presence,

<u>January 22, 2020</u>
Date

*Judge's Signature*

<u>Detroit, MI</u>
City and State

<u>Elizabeth A. Stafford, Magistrate Judge</u>
*Printed Name and Title*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE: Yihang Yuan

## AFFIDAVIT OF
## Customs and Border Protection Officer

Patrick J. Mengel, Customs and Border Protection Enforcement Officer

City of Detroit
State of Michigan

I, Patrick J. Mengel, being duly sworn state the following:

1. I am a Customs and Border Protection ("CBP" or "Agency") Enforcement Officer with the Department of Homeland Security. I am assigned to the Officer's branch of Detroit Metropolitan Airport with offices located at 2596 World Gateway Place, Building 830, Detroit, MI 48242. I have served with CBP since March of 2002. I have successfully completed the CBP Officer Basic Training Program at the CBP Field Operations Academy located at the Federal Law Enforcement Training Center in Glynco, Georgia. I have also earned a certificate for completing the CBP Enforcement Officer Training Program at the Agency's Advanced Training Center in Harpers Ferry, West Virginia. I routinely investigate violations of the Immigration and Nationality Act and the United States Criminal Code as part of my regular duties. This affidavit is submitted in support of a finding of probable cause and is, therefore, a summary of facts known to me.

## Background

2. A nonimmigrant student may be admitted into the United States in nonimmigrant status under section 101(a)(15)(F) (relating to the admission for foreign students) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1101(a)(15)(F). To be eligible for admission into the United States, the nonimmigrant student must, among other documents, "present[] a SEVIS Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued in his or her own name *by a school approved by the Service for attendance by F-1 foreign students.*" (emphasis added). 8 C.F.R. § 214.2(f)(1)(i)(A). For an initial admission, the foreign student must intend to attend the school specified in the student's visa. 8

C.F.R. § 214.2(f)(1)(i)(C). Foreign students are required to safe keep the initial Form I-20 and may seek a replacement if it becomes lost. 8 C.F.R. § 214.2(f)(2).

3. A foreign student returning to the United States from a temporary absence of five months or less may be readmitted for attendance if the student presents to CBP a current Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, properly endorsed for reentry by a Designated School Official (DSO) school if there has been no substantive change for the most recent Form I-20 information, or a new Form I-20 if there has been such a change, such as a transfer to another educational institution. 8 C.F.R. § 214.2(f)(4)(i)-(ii). With exceptions not applicable here, a foreign student who presents a valid Form I-20 and is otherwise entitled to admission to the United States is admitted for "duration of status", a status that has no definitive end date but continues so long as the student is, *inter alia*, pursuing a full course of study at an approved educational institution or engaged in optional practice training thereafter. 8 C.F.R. § 214.2(f)(5)(i).

4. A student that applies for admission not in possession of a valid Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued by the school of his or her attendance may be denied entry into the United States. As an alternative, CBP may grant the student a temporary admission for 30 days and issue the student a Form I-515A, "Notice to Student or Exchange Visitor", informing the student of the need to correct the entry deficiency determined by CBP upon arrival (having no Form I-20). *See generally* Form I-515A Overview, available at https://studyinthestates.dhs.gov/what-is-a-form-i-515a.

### Application for admission of Yihang Yuan

5. On or about January 17, 2020, Yihang Yuan, here after known as the Defendant, applied for admission at Detroit Metro Airport, which is within the jurisdiction of the Eastern District of Michigan, via Delta Airlines flight 582, from Shanghai, China.

6. The Defendant presented a valid Chinese Passport (E91750749) and an expired Chinese passport (G60443963) which contained valid United States F-1 Student Visa (J9026771), and a counterfeit I-20 with SEVIS ID# N0013193339 to CBP Officer Forton. The I-20 stated that his current school was the University of Michigan. The Defendant was asked where he attended school and replied Ann Arbor. System checks revealed the Defendant's SEVIS ID# was associated with the University of Illinois and not the University of Michigan as the form states. The Defendant was referred into CBP's Admissibility Enforcement Unit to verify his student status.

7. The Defendant was searched in the SEVIS system. Contrary to his claim and the content of his I-20, the system reflected that he is currently an active student at the University of Illinois, not the University of Michigan.

8. Katherine Flanner, the International Student & Scholar Advisor and Designated School Official for the University of Michigan, was contacted and verified that the Defendant is not now and has never been associated in any way with the University of Michigan. Ms. Flanner also verified that the purported University of Michigan school official listed on the counterfeit I-20, Kirby Cook, is not an employee of the University of Michigan.

9. The Defendant was read his *Miranda* rights by CBP Enforcement Officer Mengel, which was witnessed by CBP Officer David Myers. The Defendant acknowledged that he understood his rights both verbally and in writing at 1:36pm. The Defendant waived his rights to legal representation at 1:37p.m.

10. The Defendant made a post-*Miranda* warnings confession that he paid an employee at a print shop in Shanghai, China 300 Chinese Yuan for a counterfeit I-20 to facilitate his entry to the United States as a student. The Defendant also signed a sworn statement admitting to making false statements to a federal officer and to knowingly possessing a counterfeit I-20 to facilitate his entry to the United States as a student.

11. As noted above, a valid Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued by an approved school is a document required for lawful entry of a returning student. The Defendant was not in possession of such a document when he applied for admission and presented a counterfeit Form I-20. Additionally, the counterfeit Form I-20 falsely stated he was a student at the University of Michigan, a school with which the Defendant is in no way affiliated. The existence and presentation to a CBP officer a port of entry of a valid Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, is material to a foreign student's admissibility to the United States and contains facts such as the school of attendance, the cost of attendance, the financial ability of the student to fund his or her studies, and the program start date that are material to whether or not a student is admissible.

12. Based on my training and experience as a CBP Enforcement Officer, and the information contained in this affidavit, I believe that there exists probable cause to believe that the Defendant has committed violations of sections 18 U.S.C. §§ 1001(a)(2) & (3) and, 18 U.S.C. § 1546(a) in that he knowingly and willfully, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Department of Homeland Security, Customs and Border

Protection, presented a forged, counterfeited, and falsely made I-20 in order to facilitate his entry to the United States.

_____
Patrick J. Mengel
Enforcement Officer
United States Customs and Border Protection

Sworn and subscribed before me this
22nd day of January, 2020

_____
Elizabeth A. Stafford
Magistrate Judge